UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

JEROME HARLSTON,

          Plaintiff,                    Case No. 2:24-cv-142

v.                                          Honorable Maarten Vermaat

UNKNOWN TAYLOR et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]however, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's official capacity claims against Defendants, as well as any claims seeking injunctive relief against Defendants in their personal capacities. Plaintiff's personal capacity Eighth Amendment claims for damages against Defendants remain in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which Plaintiff complains occurred at that facility. Plaintiff sues Corrections Officers Unknown Taylor and Unknown Basinski in their official and personal capacities.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that in May of 2024, he was housed in segregation in E Unit. (Compl., ECF No. 1, PageID.3.) On one day in May, Defendant Taylor conducted rounds and told Plaintiff that he wanted to marry him. (*Id.*) Defendant Taylor told Plaintiff that he would "put money in [Plaintiff's] pocket by put[t]ing money in [his] ac[c]ount." (*Id.*) Defendant Taylor told Plaintiff he would give him whatever he wanted. (*Id.*) Plaintiff contends that at this time, he was "at a low point of [his] life and very vulnerable." (*Id.*) A few days later, Defendant Taylor told Plaintiff to come to the cell door bars, turn around, and pull his pants down. (*Id.*) When Plaintiff did so, Defendant Taylor penetrated Plaintiff's anus with his fingers. (*Id.*) A few days later, when Defendant Taylor wanted to do it again, Plaintiff told him no, and Defendant Taylor "became very upset and started to insult [Plaintiff]." (*Id.*)

On July 3, 2024, Defendant Basinski stopped at Plaintiff's cell and told Plaintiff to "put [his] ass on the bars and spread them so [Defendant Basinski] can f*** [Plaintiff] in the ass." (*Id.*) Defendant Basinski told Plaintiff that he was cute and that he wanted some "boy p****." (*Id.*) When Plaintiff said no, Defendant Basinski sprayed Plaintiff with a whole can of pepper spray. (*Id.*) Plaintiff states that he is now blind in one eye from the pepper spray. (*Id.*, PageID.4.)

A day later, on July 4, 2024, Defendant Taylor was conducting rounds and stopped at Plaintiff's cell for almost 10 minutes. (*Id.*, PageID.3.) Defendant Taylor "said things like why didn't [Plaintiff] let [Defendant] Basinski f*** [him] in the ass." (*Id.*) Defendant Taylor told Plaintiff that he and Defendant Basinski were "going to gang rape [Plaintiff], eat [his] ass, and strap [him] to a chair and make [Plaintiff] suck his d***." (*Id.*)

Based on the foregoing, Plaintiff alleges Eighth Amendment sexual assault and sexual harassment claims against Defendants Taylor and Basinski, as well as an Eighth Amendment

4

excessive force claim against Defendant Basinski. (*Id.*, PageID.3.) Plaintiff seeks damages, and asks that Defendants Taylor and Basinski be terminated from their positions. (*Id.*, PageID.5.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

As noted *supra*, Plaintiff has sued Defendants in their official and personal capacities. Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks damages, as well as injunctive relief in the form of having Defendants' employment terminated. Official capacity defendants, however, are absolutely immune from

monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1988). Defendants are, therefore, entitled to immunity with respect to Plaintiff's official capacity claims for damages.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Pennhurst State Sch. & Hosp.,* 465 U.S. at 114 n.25.

Nonetheless, the Supreme Court has cautioned that "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). In *Green v. Mansour*, 474 U.S. 64 (1985), the Supreme Court explained why the doctrine of *Ex parte Young* could not be extended to authorize retrospective relief:

> Both prospective and retrospective relief implicate Eleventh Amendment concerns, but the availability of prospective relief of the sort awarded in *Ex parte Young* gives life to the Supremacy Clause. Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. *See Pennhurst, supra*, 465 U.S. at 102. *See also Milliken v. Bradley*, 433 U.S. 267 (1977). But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.

*Id*. at 68.

Here, Plaintiff does not allege the existence of an official policy or practice that Defendants continue to enforce. Nor does he allege that the actions alleged in the complaint are likely to happen to him again. Instead, Plaintiff's allegations relate solely to past harm, not future risk of harm. Plaintiff, therefore, does not seek relief properly characterized as prospective. *See Ladd*, 971 F.3d at 581. Plaintiff, therefore, cannot maintain his official capacity claims for injunctive relief. Moreover, courts have also found that they do not have the authority to order that correctional officials be terminated from their employment. *See, e.g.*, *Williams v. Maynard*, No. 23-CV-1320, 2023 WL 3674332, at *1 n.3 (E.D. Pa. May 25, 2023) (collecting cases); *Pagonis v. Raines*, No. 4:17-CV-01-DC-DF, 2018 WL 9240919, at *4 (W.D. Tex. Aug. 10, 2018) ("'Federal courts are not prison managers' and injunctive relief in the form of an order to terminate a prison official's employment is not available in a § 1983 action." (citations omitted)), *report and recommendation adopted*, No. PE:17-CV-00001-DC, 2018 WL 9240916 (W.D. Tex. Sept. 10, 2018).

Accordingly, for the reasons set forth above, Plaintiff's official capacity claims against Defendants will be dismissed.[2]

### B.     Personal Capacity Claims

As set forth above, Plaintiff contends that Defendants violated his Eighth Amendment rights by sexually assaulting and harassing him. Plaintiff also alleges that Defendant Basinski violated his Eighth Amendment rights by using excessive force when Basinski sprayed Plaintiff with pepper spray. Taking Plaintiff's allegations as true, as the Court must at this stage of the proceedings, Plaintiff's personal capacity Eighth Amendment claims for damages against Defendants may not be dismissed on initial review.

---

[2] To the extent Plaintiff seeks injunctive relief against Defendants in their personal capacities, such claims will also be dismissed for the reasons set forth above.

**Conclusion**

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Moreover, having conducted the review required by the PLRA, the Court will dismiss Plaintiff's official capacity claims, as well as any claims seeking injunctive relief against Defendants in their personal capacities, on the basis of immunity and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's personal capacity Eighth Amendment claims for damages against Defendants remain in the case.

An order consistent with this opinion will be entered.

Dated:  September 10, 2024              /s/ *Maarten Vermaat*
                                        Maarten Vermaat
                                        United States Magistrate Judge